IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

IN THE MATTER OF THE COMPLAINT OF
DELAWARE BAY LAUNCH SERVICE, INC.,
AS OWNER OF "BREAKWATER" A 48' 1976
CREWBOAT, FOR EXONERATION FROM
AND LIMITATION OF LIABILITY:

CIVIL ACTION
IN ADMIRALTY

CA 06-595

-----------------------------------------------------------------x

## ANSWER TO PLAINTIFF'S COMPLAINT AND CLAIM

Claimant, Xenophon Papanikolaou, by his attorneys, Hofmann & Associates, answering the Complaint of DELAWARE BAY LAUNCH SERVICE, INC., AS OWNER OF "BREAKWATER", A 48' 1976 CREWBOAT, FOR EXONERATION FROM AND LIMITATION OF LIABILITY: respectfully alleges upon personal knowledge and information and belief as follows:

1. Claimant admits the allegations contained in Paragraph 1 of the complaint.

2. Claimant admits the allegations contained in Paragraph 2 of the complaint.

3. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 3 of the complaint.

4. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 4 of the complaint.

5. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 5 of the complaint.

6. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 6 of the complaint.

7. Claimant denies the allegations contained in Paragraph 7 of the complaint.

8. Claimant denies sufficient knowledge or information by which he can admit or

deny the allegations of Paragraph 8 of the complaint.

9. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 9 of the complaint.

10. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 10 of the complaint.

11. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 11 of the complaint.

12. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 12 of the complaint.

13. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 11 of the complaint.

14. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 14 of the complaint.

15. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 15 of the complaint.

16. Claimant denies sufficient knowledge or information by which he can admit or deny the allegations of Paragraph 5 of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

The petition for limitation of liability must be dismissed as it was filed more than 6 months after petitioner had written notice that the claim by claimant would exceed the value of the vessel.

2

## SECOND AFFIRMATIVE DEFENSE

There is no statutory authority by which petitioner may seek exoneration from liability for the incident, therefore, that portion of the petition and complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

The security petitioner has posted and/or proposes to post is inadequate, and the court should order appropriate security to be filed in accordance with Supplemental Rule F.

## FOURTH AFFIRMATIVE DEFENSE

Petitioner's proposed valuation of the vessel understates its value and the court should order petitioner to have a fair, adequate and prompt appraisal of the value of the vessel at the time of the incident.

## FIFTH AFFIRMATIVE DEFENSE

Claimant's claim is the sole claim asserted against petitioner, the Vessel and petitioner's interests therein arising from the incident on August 27, 2005. Accordingly, concursus is unnecessary. As such, this case involves a "single-claimant" fund. In light thereof, claimant is entitled to have the stay of proceeding issued by this court lifted, and pursuant to the "Savings to Suitors" clause of 28 U.S.C. § 1333, claimant is entitled to litigate his claim in the state court of his choice.

## SIXTH AFFIRMATIVE DEFENSE

Petitioner's complaint fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The faults leading to claimant's injuries underlying his claim were within the privity and knowledge of petitioner.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff claims maintenance and cure which, as a matter of law, is not subject to the Limitation of Liability Act (46 U.S.C. § 181-189 *et seq*).

**NINTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the subject matter of these proceedings.

**TENTH AFFIRMATIVE DEFENSE**

The failure to comply with the admiralty rules invalidates the claim for exoneration from or limitation of liability filed by DELAWARE BAY LAUNCH SERVICE, INC. as owner of the BREAKWATER therefore complainants have lost their right to claim exoneration from and/or limitation of liabilities.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Limitation of Liability Act, 46 U.S.C., 181, et seq., is discriminatory in that it favors vessel owners over the respondent and deprives the above named respondent of property rights without the due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

The circumstances and activities culminating in the injury to Xenophon Papanikolaou and any resulting damages were not brought about by any negligence, fault, neglect or want of care on the part of decedent, but rather, through the negligence, fault, neglect or want of care of other parties or entities and/or the unseaworthiness of a vessel for whom or which Xenophon Papanikolaou is not legally responsible.

## CLAIM BY CLAIMANT

And further answering the complaint, and as and for his claim against plaintiff vessel owner, claimant states as follows:

1. Claimant realleges each and every allegation and statement contained in the Answer with defenses with the same force and effect as if set forth in their entirety.

2. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, and under the court's admiralty jurisdiction, 28 U.S.C. § 1333.

3. Claimant is entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333 and through the operation of the Jones Act, 46 U.S.C. § 688, which permit, by statutory authority or through the operation of common law, the right to a trial by jury.

4. Claimant brings this claim for damages pursuant to the provisions of the General Maritime Law and all other state, federal, common law and/or statutory provisions or regulations which apply to this matter.

5. Claimant is a resident of Greece..

6. On April 27, 2005, claimant was assigned to and lawfully was performing work aboard the M/V ASTRO CORONA.

8. On April 27, 2005, while the BREAKWATER was in navigable waters, claimant, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the BREAKWATER and ASTRO CORONA and the negligence of the DELAWARE BAY LAUNCH SERVICE, INC., and the ASTRO CORONA, was caused to sustain the serious injuries more specifically set forth herein.

5

9. By reason of the negligence of the DELAWARE BAY LAUNCH SERVICE, INC., and the ASTRO CORONA, and their of their non-delegable duties to him, claimant's muscles, nerves blood vessels and internal workings thereof were severely injured, the full extent of which is not yet known; he sustained an injury to his body, including but not limited to his cervical spine, shoulder, arms, head, brain and attendant structures; he sustained injury, shock and trauma to his body, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and disfigurement; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

This answer is filed herein pursuant to statues covering limitation of liability proceedings 46 U.S.C. § 183, 183(b) and Supplemental Admiralty Rule F. Claimant reserves all rights, including the right to trial by jury pursuant to 28 U.S.C. § 1332 and under the Jones Act, 46 U.S.C. § 688, in event the plaintiff is denied exoneration from or limitation or liability herein.

WHEREFORE, claimant having fully answered the complaint, and stated his claim, prays:

1. That an order be entered herein that petitioner is not entitled to exoneration from liability herein;

2. That an order be entered herein that petitioner is not entitled to limitation of liability herein;

3. That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the petitioner;

4. That the claim of the claimant be allowed as requested herein with interest and costs, and that claimant may have such other and further relief as in law and justice he may be entitled to receive.

**THE EVELAND LAW FIRM**

By _____
**ELWOOD T. EVELAND, JR.**
**Bar Id. No. 2044**
715 North King Street, Suite 200
Wilmington, DE 19801
Phone (302) 426-9600
Fax (302) 426-9020
*Attorney for Plaintiff*

DATED: November 28, 2006