IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
IN THE MATTER OF COMPLAINT OF　　　　　　 : CIVIL ACTION
DELAWARE BAY LAUNCH SERVICE, INC. AS　　 : IN ADMIRALTY
OWNER OF "BREAKWATER," A 48-FOOT 1976
CREWBOAT, FOR EXONERATION FROM OR　　　 : No. 06-595-JJF
LIMITATION OF LIABILITY
---------------------------------------------------------------x

## ANSWER TO CLAIM

Plaintiff, Delaware Bay Launch Service, Inc. (hereinafter "Petitioner") as owner of "BREAKWATER," a certain 51-foot 1985 crewboat built by Breaux Bay Craft (hereinafter "the Vessel"), by and through its attorneys, Palmer Biezup & Henderson LLP, hereby answers the Claim of Xenophon Papanikolaou as follows:

1. Petitioner incorporates all averments of the Complaint as if set forth herein in their entirety.

2. Admitted.

3. The averments of Paragraph 3 of the Claim are conclusions of law and are, therefore, denied.

4. The averments of Paragraph 4 of the Claim are conclusions of law and are, therefore, denied.

5. Petitioner is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 5 of the Claim and, therefore, denies same.

PBH: 187315.1

1

6. Petitioner is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Claim and, therefore, denies same.

8. Denied. Petitioner specifically denies that it was at any time negligent or that the Vessel was at any time unseaworthy. Petitioner further denies that it or the Vessel caused any alleged accident, injury, loss or damage to Claimant or to any other person or entity. Except as specifically denied herein, Petitioner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 8 of the Complaint and, therefore, denies same.

9. Denied. Petitioner specifically denies that it was at any time negligent or breached any duty to Claimant. Petitioner further denies that it or the Vessel caused any alleged accident, injury, loss or damage to Claimant or to any other person or entity. Except as specifically denied herein, Petitioner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 9 of the Complaint and, therefore, denies same.

That the Court in this proceeding adjudge:

WHEREFORE, Petitioner prays that all claims be dismissed with prejudice, or should Petitioner be adjudged liable on such claims as are affirmatively proven, that Petitioner's liability for all such claims be limited to the amount of the value of the Petitioner's interest in the Vessel after the incident in question and that Petitioner be discharged therefrom upon the surrender of his interest in the Vessel and a decree entered discharging Petitioner from all further liability, together with such other and further relief as this Court may deem just and proper in the circumstances.

PBH: 187315.1

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Claimant has failed to state a claim against Petitioner for which relief can be granted.

### SECOND SEPARATE DEFENSE

The Claim was not timely filed in accordance with the Court's orders.

### THIRD SEPARATE DEFENSE

The Claim is barred by the applicable statute of limitations and/or the doctrines of laches, estoppel, and/or waiver.

### FOURTH SEPARATE DEFENSE

Claimant's alleged accident, injury, loss or damage, if any, was solely caused by his own negligence or solely as a result of the negligence of his employer and Claimant's sole remedy is against his employer for worker's compensation.

### FIFTH SEPARATE DEFENSE

Claimant's alleged accident, injury, loss or damage, if any, was solely or substantially caused by the negligence of third parties for whom Petitioner is not responsible.

### SIXTH SEPARATE DEFENSE

Claimant's alleged accident, injury, loss or damage, if any, was solely or substantially caused by Claimant's own contributory negligence and, therefore, the Claim must be dismissed or any recovery must be reduced by the comparative share of Claimant's negligence.

### SEVENTH SEPARATE DEFENSE

Claimant assumed the risk of any alleged accident, injury, loss or damage.

PBH: 187315.1

### EIGHTH SEPARATE DEFENSE

Plaintiffs' injuries or damages, if any, pre-existed the incident alleged in the Claim.

### NINTH SEPARATE DEFENSE

Claimant failed to mitigate his damages, if any.

### TENTH SEPARATE DEFENSE

Claimant's alleged accident, injury, loss or damage, if any, was due to an Act of God or *vis major*.

WHEREFORE, Petitioner prays that all claims be dismissed with prejudice, or should Petitioner be adjudged liable on such claims as are affirmatively proven, that Petitioner's liability for all such claims be limited to the amount of the value of the Petitioner's interest in the Vessel after the incident in question and that Petitioner be discharged therefrom upon the surrender of his interest in the Vessel and a decree entered discharging Petitioner from all further liability, together with such other and further relief as this Court may deem just and proper in the circumstances.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: December 22, 2006

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

PBH: 187315.1

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
IN THE MATTER OF COMPLAINT OF      CIVIL ACTION
DELAWARE BAY LAUNCH SERVICE, INC. AS     IN ADMIRALTY
OWNER OF "BREAKWATER," A 48-FOOT 1976
CREWBOAT, FOR EXONERATION FROM OR     No. 06-595-JJF
LIMITATION OF LIABILITY
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2006, the foregoing Answer to Claim was filed with the Clerk of Court using CM/ECF, which will send notice of the filing to:

Elwood T. Eveland, Jr., Esq.
715 North King Street, Suite 200
Wilmington, DE 19801
eeveland@delawareinjuryattorney.com

I further certify that on this date a true and correct copy of the Answer to Claim was served by First-Class Mail addressed to:

Jonathan M. Walsh, Esq.
Hofmann & Associates
360 W. 31st Street
New York, NY 10001

PALMER BIEZUP & HENDERSON LLP

By: _/s/ Michael B. McCauley_
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

PBH: 187315.1