IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: DELAWARE BAY LAUNCH SERVICE, INC. as owner of "Breakwater", a 48' 1976 Crewboat, for exoneration from and limitation of liability, | Civil Action No. 06-595-JJF ADMIRALTY  **Consolidated** |
| XENOPHON PAPANIKOLAOU, Plaintiff, v. ATLANTIC SHIP AGENCIES, INC., CORNONA SPECIAL MARITIME ENTERPRISE, KRISTEN NAVIGATION, and the vessel M/V ASTRO CORONA, In Rem, Defendants. | Civil Action No. 08-218-JJF |

Michael B. McCauley, Esquire of PALMER, BIEZUP & HENDERSON, Wilmington, Delaware.

Attorney for Petitioner, Delaware Bay Launch Service, Inc.

Paul T. Hofmann, Esquire of HOFMANN & ASSOCIATES, New York, New York.
Charles S. Knothe, of CHARLES S. KNOTHE, P.A., Wilmington, Delaware.

Attorneys for Plaintiff, Xenophon Papanikolaou.

Patrick J. Bonner, Esquire of FREEHILL HOGAN & MAHAR LLP, New York, New York.
Josette F. Spivak, Esquire of HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN, P.C., Wilmington, Delaware.

Attorneys for Defendants Corona Special Maritime Enterprises and Kristen Navigation, Inc.

**MEMORANDUM OPINION**

July 20, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court are two motions: (1) a Motion To Dismiss (D.I. 46) filed by Corona Special Maritime Enterprises and Kristen Navigation, Inc. (collectively "Defendants"), and (2) a Motion To Compel Discovery (D.I. 43) filed by Xenophon Papanikolaou ("Papanikolaou"). For the reasons discussed, the Court will deny Defendants' Motion to Dismiss with leave to renew and grant Papanikolaou's Motion to Compel.

## I. FACTUAL BACKGROUND

This action arises in connection with injuries sustained by Xenophon Papanikolaou, a Greek seaman, when he fell into the water on April 27, 2005, while attempting to board the M/V Astro Corona (the "Astro Corona"), a vessel where he worked as a cook. At the time of the accident, the Astro Corona was located off the shore of Delaware, and the Delaware Bay Launch Service ("Delaware Bay") was taking Papanikolaou to the vessel on a launch named the Breakwater. Papanikolaou was treated at a Delaware hospital, and then rejoined the crew of the Astro Corona.

The Astro Corona sails under the Greek flag. At the time of the accident the vessel was owned by Corona Special Maritime Enterprise ("Corona"), which is a Greek corporation. Kristen Navigation Inc.("Kristen"), now known as Maran Tankers Management Inc., is a Liberian corporation with a principal place of business in Greece. (D.I. 47 Ex. 1A.)

1

Papanikolaou's employment on the Astro Corona is governed by an employment contract. (D.I. 47, Ex. 1A.) The English translation of Paragraph 14 of the employment contract provides:

> For any dispute arising from this contract the Courts of Piraeus will have exclusive jurisdiction and the Greek Law will apply. Any seaman's law action before the courts of any other country is expressly excluded.

(Id.)

## II. Procedural Background

On September 26, 2006, Delaware Bay initiated this action by filing a Complaint For Exoneration From Or Limitation Of Liability (the "Limitations Proceeding"). (D.I. 1.) On November 28, 2006, Papanikolaou filed a counterclaim alleging that Delaware Bay was negligent, and the Astro Corona and the Breakwater were unsafe and unseaworthy. (D.I. 10.)

On April 17, 2008, Papanikolaou filed a Complaint alleging negligence and seeking maintenance and cure and wages against Atlantic Ship Agencies, Inc.; Corona Special Maritime Enterprise; and Kristen Navigation, Inc. (the "Negligence Proceeding") (D.I. 1 in Civil Action No. 08-218-JJF.) Papanikolaou's Complaint asserts jurisdiction under the Jones Act, 46 U.S.C. § 30401 and General Maritime Law and Admiralty Law pursuant to 28 U.S.C. § 1333. The Limitations Proceeding was administratively closed on May 9, 2008, based upon counsel's request for a continuance until service was completed in the Negligence Proceeding. On December 23, 2008, the Court reopened the Limitations Proceeding and

2

consolidated both the Negligence Proceeding and the Limitations Proceeding. (D.I. 27.)

### III. The Parties' Contentions

By their Motion To Dismiss, Defendants contend that the Jones Act and general maritime law are inapplicable to Papanikolaou's claims, because under the analysis of the factors provided by the Supreme Court in Lauritzen v. Larsen, 345 U.S. 571 (1953) and Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306 (1970), Greek law governs this action. Defendants further contend that because Greek law governs this action and not American maritime law or the Jones Act, the only basis for jurisdiction is admiralty jurisdiction. Because Papanikolaou's employment agreement contains a forum selection clause favoring Greece, Defendant's contend that the Court should decline to exercise jurisdiction under the Supreme Court's decision in Canada Malting Co. Ltd. v. Patterson Steamships, Ltd., 285 U.S. 413 (1932) and on the basis of the doctrine of forum non conveniens.

In response, Papanikolaou contends that his Motion To Compel Discovery should be considered before the merits of the Motion To Dismiss. Specifically, Papanikolaou contends that the discovery he seeks is necessary for him to fully respond to the arguments raised by the Motion To Dismiss. Papanikolaou further contends that if Corona and Kristen's responses to discovery demonstrate that the Jones Act applies to this litigation, then the Court may

3

not dismiss this action on the basis of forum non conveniens, because American law will apply. Papanikolaou also contends that, if American law otherwise applies, the Court should not enforce the forum selection clause in Papanikolaou's employment agreement because that would circumvent the application of American law. In addition, Papanikolaou points to case law and policy giving deference to a plaintiff's choice of forum.

### IV. Discussion

The concepts of choice of law and jurisdiction have raised confusion in the area of admiralty and maritime claims. Most recently, the Third Circuit concluded that the multi-factored analysis of Lauritzen and Rhoditis "is not to be used to determine whether a district court has subject matter jurisdiction over suits brought under the Jones Act or the general maritime law." Neely v. Club Med Management Servs., Inc., 63 F.3d 166, 177 (3d Cir. 1995). Rather, the Lauritzen-Rhoditis analysis is used "to determine choice of law, not subject matter jurisdiction," and therefore, this analysis may not be used to dismiss a claim brought under the Jones Act for lack of subject matter jurisdiction. Id. at 178.

Explaining Supreme Court precedent on the subject of jurisdiction and the Jones Act, the Third Circuit stated, that "the Jones Act, as a federal statute providing remedies for injured seamen, is subject to the usual rule for 'arising under' jurisdiction." Id. (citing Panama R.R. Co. v. Johnson, 264 U.S.

4

375, 383-384 (1924). "Arising under jurisdiction" is grounded in 28 U.S.C. § 1331, which provides that the federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Thus, "[t]he question of whether the district court had subject matter jurisdiction pursuant to [the Jones Act] is not whether [plaintiff] had a valid cause of action against the [defendants] under federal . . . law. Rather the subject matter jurisdiction analysis is one of whether the determination of the existence vel non of that cause of action is a question 'arising under the . . . laws . . . of the United States." Neely, 63 F.3d at 178 (quoting Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1032 (3d Cir. 1988)).

In this case, the Court concludes that subject matter jurisdiction exists over Papanikolaou's negligence claims. Neely, 63 F.3d at 178 (holding that plaintiff meets jurisdictional requirements of 1331 because "whether she could assert claims under the Jones Act and general maritime law is a question of federal law"). Similarly, the parties do not appear to dispute that admiralty jurisdiction applies as a basis for the Court's subject matter jurisdiction over Papanikolaou's claims, and the Court is persuaded that the locality and connection with maritime activity prongs needed to establish jurisdiction are satisfied here. Id. at 179.

5

Thus, the relevant question posed by Defendants' Motion is whether the Court should decline to exercise its jurisdiction over these claims on the basis that the application of American law under the Lauritzen analysis would be unreasonable, and/or under the Supreme Court's decision in Canada Malting and the related principles of forum non conveniens.[1] As the Third Circuit explained in Neely, when a party raises a choice of law issue under Lauritzen:

> a plaintiff suing for personal injury damages under American maritime law must, as with any other cause of action, both establish the applicability of the law under which the case was brought and prove the elements of the cause of action. If American law is not applicable, or if the plaintiff fails to prove one of the specific elements of the cause of action, the suit would, in the ordinary course, fail on the merits.

63 F.3d at 166. Further, the Third Circuit has recognized that courts have declined to exercise jurisdiction over cases in which American law does not apply. Id. at n.11 (citing 1 Benedict on Admiralty § 128, at 8-40 to -41 & n.9).

The Lauritzen analysis and the doctrine of forum non conveniens both implicate questions concerning a party's contacts with the United States. At this juncture, however, the Court

---

[1] The Court notes that the specific grounds raised by Defendants in their Motion To Dismiss are at times unclear, because it appears to the Court that Defendants have overlapped and/or confused numerous concepts. By distilling Defendants' arguments to the question of whether the Court should decline to exercise subject matter jurisdiction based on the outcome of the Lauritzen choice of law analysis and the doctrine of forum non conveniens, the Court is not limiting Defendants to pursuing other arguments in the context of any renewed Motion To Dismiss.

concludes that a full evaluation of these issues cannot be undertaken because further discovery is warranted. Specifically, Papanikolaou has filed a Motion To Compel Discovery (D.I. 43) seeking the production of documents, responses to interrogatories and access to depositions. The Court is persuaded that the information sought by Papanikolaou is relevant to the inquiries that must be made for purposes of applying the <u>Lauritzen</u> analysis and/or the doctrine of forum non conveniens.[2] Accordingly, the Court will grant Papanikolaou's Motion To Compel and deny Defendants' Motion To Dismiss with leave to renew.

    An appropriate order will be entered.

---

[2] In recognizing the potential applicability of the doctrine of forum non conveniens, the Court acknowledges that there are threshold questions concerning whether the doctrine of forum non conveniens may be applied where a Jones Act claim is validly stated. The Court reserves decision on those questions for consideration in the context of any renewed Motion To Dismiss.